904 F.2d 701
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James DE LA CRUZ, Defendant-Appellant.
 No. 89-5495.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 19, 1990.
Decided: May 29, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Claude M. Hilton, District Judge. (CR-89-217-A)
 Gregory B. English, English & Smith, Alexandria, Va, for appellant.
 Henry E. Hudson, United States Attorney, Erika W. Nijenhuis, Special Assistant United States Attorney, Alexandria, Va, for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 James De La Cruz was tried, found guilty, and sentenced on counts of bank fraud, conspiracy to commit bank fraud, and obstruction of justice. There was ample evidence supporting the jury's conclusion that, as a former employee of the Patent and Trademark Office Federal Credit Union, De La Cruz was engaged with others in a scam whereby Credit Union funds were diverted into illegally opened accounts and withdrawn therefrom, De La Cruz participating in the withdrawals.
 
 
 2
 De La Cruz has appealed on several grounds:
 
 
 3
 1. He sought but was denied a jury instruction expressing the truism that the government always wins when justice is done, regardless of whether the verdict be guilty or not guilty. He concedes that the failure of the court to give such an instruction is not reversible error, but argues that it would be helpful if the giving of such an instruction would be mandated through a published opinion of the Fourth Circuit. A district judge is afforded wide discretion, however, as to whether such an instruction would be appropriate under the facts of the case. The wish of De La Cruz is to "assist the court" by having us require that the instruction be given in all cases. Yet that wish, if granted willy-nilly, would infringe upon the district court's wide discretion, with a consequent diminution of the value in permitting the district court judge, who knows from his presence throughout a trial whether it would be appropriate, to decide on the relevance of such an instruction. That discretion has not been abused here.
 
 
 4
 2. Also, there was an attempt by De La Cruz, by way of a requested jury instruction, to magnify the possibility of drug addiction of a government witness. The witness was not shown to be a government informer, and the question De La Cruz sought to ask, therefore, has greatly lessened importance. See United States v. Gregorio, 497 F.2d 1253, 1261-62 (4th Cir.), cert. denied, 419 U.S. 1024 (1974). Further, no evidence indicated that the witness was an addict, or even consumed drugs, at the time of trial. See United States v. Manganellis, 864 F.2d 528, 543 (7th Cir.1988). The district court's refusal to permit elaboration of such a trivial side issue was not error.
 
 
 5
 3. To impeach one government witness, De La Cruz sought to elaborate on that witness' prior criminal record. The government made efforts fully to provide such information to De La Cruz but admitted that there might be crimes other than the three to which the witness admitted in his testimony. The government acknowledged that it could not determine whether there had actually been convictions in other matters involving state charges lodged against the witness which it knew about. De La Cruz asserted that there were, indeed, numerous other convictions about which he was entitled to know. The government, he contended, should have supplied such information. De La Cruz, however, produced no indication of knowledge of the additional convictions on the part of the government.
 
 
 6
 It is elementary that one cannot give what one does not have. The district court did not err in refusing the impossible of the government. The appearance of the witness as one convicted three times made the additional convictions mostly, if not completely, cumulative, and, in the circumstances of the case against De La Cruz, it did not constitute error not to require the government to supply what it did not have.
 
 
 7
 4. The principal government witness was one who did not know whether De La Cruz was working and expressed a belief that he "thought he was selling drugs." Again, the evidence against De La Cruz was so substantial that, at the very most, if there was an error in the district court's denial of a mistrial because of that answer from the witness, it was harmless.
 
 
 8
 A review of the briefs and record have enabled us to dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court. The judgment is, accordingly,
 
 
 9
 AFFIRMED.